UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MISSOURI
EASTERN DIVISION

| | |
|---|---|
| DAVID LEE SMITH, ) | |
| ) | |
| Petitioner, ) | |
| ) | |
| v. ) | No. 4:03CV907 HEA |
| ) | (TIA) |
| DON ROPER, ) | |
| ) | |
| Respondent. ) | |

## REPORT AND RECOMMENDATION

This cause is before the Court on Missouri state prisoner David Lee Smith's pro se petition for writ of habeas corpus pursuant to 28 U.S.C. § 2254. All pretrial matters were referred to the undersigned United States Magistrate Judge pursuant to 28 U.S.C. § 636(b).

On April 26, 2002, Petitioner admitted to violating his terms of probation by failing to report to his probation officer as directed. (Docket No. 4, Exh. A at 4). In particular, Petitioner admitted to violating Condition 8 imposed upon him on September 29, 2000, when he entered guilty pleas for two counts of assault second degree in Cause Number 981-2499 and one count of assault first degree in Cause Number 981-3006. (Docket No. 4, Exh. A at 2, 4). On April 26, 2002, Judge Jimmie Edwards of the Circuit Court of St. Louis City, Missouri, revoked Petitioner's probation and sentenced him to a term of three years each on the two counts of assault in the second degree and fifteen years on the assault first degree with the terms to run concurrently. (Docket No. 4, Exh. A at 5). Petitioner never appealed the judgment to the Missouri Court of Appeals. On July 15, 2002, Petitioner filed a pro se Motion to Vacate, Set Aside or Correct the Judgment or Sentence under Missouri Supreme Court Rule 29.15. (Docket No. 10, Exhs. A and B). The post-conviction relief court dismissed Petitioner's post-conviction motion as untimely. (Docket No. 10, Exh. C).

Petitioner pursued no other action in state court.

Petitioner is currently incarcerated at the Potosi Correctional Center in Mineral Point, Missouri, pursuant to the sentence and judgment of the Circuit Court of St. Louis City. In the instant petition for writ of habeas corpus, Petitioner raises three grounds for relief:

(1) That he did not receive the drug treatment as ordered by the sentencing judge;

(2) That Petitioner was illegally sentenced to the drug treatment program because he was not eligible for the program; and

(3) That Petitioner received ineffective assistance of probation revocation/trial counsel in that counsel failed to apprise the sentencing judge of his ineligibility for the drug treatment program.

In response, Respondent contends that Petitioner has not exhausted his claims inasmuch as they have not been properly raised in the Missouri state courts, and Petitioner has available non-futile state remedies by which he could present these claims. In particular, Respondent notes that Petitioner's first two claims regarding his sentencing and custody may be cognizable is a state habeas proceeding.

In response to this Court's Order to Show Cause, Respondent requests the Court to dismiss the instant petition arguing that the petition is untimely filed pursuant to 28 U.S.C. § 2244(d)(1) inasmuch as direct review of Petitioner's conviction and sentence concluded more than one year prior to the filing of the instant petition.

On July 7, 2003, this Court received the instant petition for writ of habeas corpus pursuant to 28 U.S.C. § 2254, accompanied by Petitioner's application to proceed in forma pauperis ("IFP"). The petition and application bear Petitioner's signature dated July1, 2003. On July 21, 2003, Petitioner's application to proceed IFP was granted and the petition was filed that same date. Respondent was thereafter ordered to show cause why the claims for relief as set out in Petitioner's

petition should not be granted. In response, Respondent contends that the petition is untimely filed pursuant to 28 U.S.C. § 2244(d)(1) inasmuch as direct review of Petitioner's conviction and sentence concluded more than one year prior to the filing of the instant petition for writ of habeas corpus.

Pursuant to 28 U.S.C. § 2244(d)(1)(A), a person in custody pursuant to the judgment of a state court has one year from the date upon which such judgment became final within which to submit an application for writ of habeas corpus in federal court under 28 U.S.C. 2254. For purposes of the statute, the state judgment is final upon "the conclusion of all direct criminal appeals in the state system followed by the expiration of the time allotted for filing a petition [for writ of certiorari]." Williams v. Bruton, 299 F.3d 981, 982 (8th Cir. 2002) (quoting Smith v. Bowersox, 159 F.3d 345, 348 (8th Cir. 1998)). In the circumstances of the current case, the time allotted for the filing of a notice of appeal was ten days after the judgment or order appealed becomes final. Rule 81.04, Missouri Supreme Court Rule. Inasmuch as Petitioner did not file a direct appeal of his conviction and sentence on or before May 6, 2002, direct review of Petitioner's conviction concluded on that date, May 6, 2002. Smith, 159 F.3d at 348. As such, under § 2244(d)(A), Petitioner had no later than May 6, 2003, by which to file an application for writ of habeas corpus in federal court under 28 U.S.C. § 2244. Petitioner's motion for post-conviction relief pursuant to Rule 29.15 was filed on July 15, 2002, and summarily denied as untimely. (Docket No. 10, Exh. C). Petitioner did not submit the instant petition for writ of habeas corpus until July 1, 2003,[1] over one year after Petitioner's

---

[1]The "prison mailbox rule" provides for habeas petitions to be effectively filed the date upon which the petition is delivered to prison authorities for mailing to the clerk of the court. Nichols v. Bowersox, 172 F.3d 1068, 1077 (8th Cir. 1999) (en banc). Absent evidence to the contrary, the date upon which petitioner signed the petition is sufficient indicia of the date upon which Petitioner delivered the petition to prison authorities. See United States v. Duke, 50 F.3d 571, 575 (8th Cir. 1995) (relying on signed certificates of service with typewritten dates), cited approvingly in McCarter v. Bowersox, 187 F.3d 642 (8th Cir. 1999) (per curiam) (table).

conviction became final. Thus, Petitioner missed the one-year deadline for filing a habeas petition.

Time during which a properly filed application for post-conviction or other collateral review is pending in state court is excluded from the one-year limitations period. 28 U.S.C. § 2244(d)(2). Petitioner's motion for post-conviction relief was filed on July 15, 2002, and denied as untimely. Petitioner's untimely motion for post-conviction relief did not toll the one-year statute of limitations. See Artuz v. Bennett, 531 U.S. 4, 8 (2000) (finding that only a properly filed post-conviction relief motion tolls the statute of limitations and a properly filed motion is one that complies with the rules on timeliness, the requisite filing fee, the form of document, and the appropriate court and office in which it must be lodged). Assuming arguendo the Court granted Petitioner's Request to Stay/Abay[*sic*] § 2254 Proceedings, the filing of a state habeas corpus petition by Petitioner would not toll the one-year statute of limitations inasmuch as the state habeas petition would not have been pending while the one-year limitations period in § 2244(d)(1) ran. See Gray v. Gammon, 283 F.3d 917 (8th Cir. 2002) (the Eighth Circuit Court of Appeals declined to decide whether a pending Rule 91 proceeding qualifies as "other collateral review" because petitioner's Rule 91 petition was not pending during the running of the one-year limitations period in § 2244(d)(1)). Inasmuch as Petitioner did not file the instant petition for writ of habeas corpus until July 1, 2003, the petition is untimely filed and should be dismissed. 28 U.S.C. § 2244(d)(1). Therefore, for all of the foregoing reasons,

**IT IS HEREBY RECOMMENDED** that Petitioner David Lee Smith's petition for writ of habeas corpus pursuant to 28 U.S.C. § 2254 (filed July 1, 2003/Docket No. 4) be dismissed without further proceedings.

**IT IS HEREBY ORDERED** that Petitioner's Request to Stay/Abay[*sic*] § 2254 Proceedings

(filed August 29, 2005/Docket No. 19) is denied.

The parties are advised that they have eleven (11) days in which to file written objections to this Report and Recommendation pursuant to 28 U.S.C. § 636(b)(1), unless an extension of time for good cause is obtained. Failure to timely file objections may result in a waiver of the right to appeal questions of fact. <u>Thompson v. Nix</u>, 897 F.2d 356, 357 (8th Cir. 1990).


Dated this <u>20th</u> day of October, 2005.

                                              /s/ Terry I. Adelman
                                         UNITED STATES MAGISTRATE JUDGE